USCA1 Opinion

 

 [NOT FOR PUBLICATIONNOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 99-1169 SHARON HUGHES MENDONCA, Plaintiff, Appellant, v. IMMIGRATION AND NATURALIZATION SERVICE, Defendant, Appellee. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Patti B. Saris, U.S. District Judge] Before Torruella, Chief Judge, Selya and Boudin, Circuit Judges.      Sharon Hughes Mendonca on brief pro se. David W. Ogden, Acting Assistant Attorney General, Joan E.Smiley, Senior Litigation Counsel, and Anthony W. Norwood, TrialAttorney, Office of Immigration Litigation, on brief for appellee.December 30, 1999   Per Curiam. Petitioner Sharon Hughes Mendonca, on behalf of her husband Crisanto Mendonca (a citizen of Cape Verde), appeals from the denial of a petition under 28 U.S.C. § 2241 for habeas corpus relief. Petitioner there sought to challenge a discretionary decision of the Board of Immigration Appeals (BIA) denying her husband's application for adjustment of status, see 8 U.S.C. § 1255; she also requested an order compelling his naturalization. The district court dismissed for lack of subject-matter jurisdiction. See Mendonca v. INS, 52 F. Supp. 2d 155 (D. Mass. 1999).  With respect to the naturalization issue, we affirm substantially for the reasons recited by the district court.  See id. at 163-64. With respect to the adjustment-of-status issue, we affirm on the merits. Respondent is mistaken in asserting that § 309(c)(4)(E) of IIRIRA, Pub. L. No. 104-208, Div. C, 110 Stat. 3009-546, divests the district court of habeas jurisdiction. See, e.g., Requena-Rodriguez v. Pasquarell, 190 F.3d 299, 305 (5th Cir. 1999); Goncalves v. Reno, 144 F.3d 110, 120-21 (1st Cir. 1998) (construing § 309(c)(4)(G)), cert. denied, 119 S. Ct. 1140 (1999).  In turn, whether federal courts in such "transitional rules" cases possess residual jurisdiction under § 2241 to review discretionary determinations of the BIA is a question not subject to ready resolution. See, e.g., id. at 125 n.17 (noting, without addressing, argument from amici that "habeas jurisdiction also traditionally allowed review, under a 'manifest abuse of discretion' standard, of the exercise of discretion to deny relief"). However, the question how far habeas jurisdiction extends is one of great practical importance, and there is no reason to address it in this case.  Even assuming that habeas jurisdiction does extend in this matter to abuses of discretion--and this is very much an arguendo assumption--there is nothing in this case that remotely suggests such an abuse by the BIA. Accordingly, whatever the scope of habeas corpus, there is no basis for setting aside the BIA's refusal to adjust status. Our affirmance on this ground does not offend Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998).  We think that the question whether § 2241 encompasses such claims, rather than being jurisdictional in nature, instead goes to the merits. "[T]he absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, i.e., the courts' statutory or constitutional power to adjudicate the case." Id. at 89 (characterizing as non-jurisdictional the question whether a citizen-suit provision of the Emergency Planning and Community Right-to-Know Act of 1986 permits suits for past violations); see also, e.g., Davoll v. Webb, 194 F.3d 1116, ____, 1999 WL 969263, at *5-*6 (10th Cir. 1999); Cablevision of Boston, Inc. v. Public Improvement Comm'n, 184 F.3d 88, 100 & n.9 (1st Cir. 1999).  Affirmed.